**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRIS COOPER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EASTON ARCHITECTS, LLP, a New York Partnership; and Does 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiff Chris Cooper hereby prays for relief from this honorable Court, as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff Chris Cooper ("Cooper") is an individual residing in the state of New York with his principal place of business at 159 Coffey St., Brooklyn, NY. Cooper is an award-winning commercial photographer noted for his iconic architectural and interior magazine covers, editorial images and advertising spreads, who has worked with many of the industry's most distinguished architects and designers.

5. Upon information and belief, Defendant Easton Architects, LLP ("Easton") is a New York limited liability partnership doing business with this State and Jurisdiction, through its address at 20 West 44th Street, Suite 604, New York, New York 10036.

6. Upon information and belief, Defendants Does 1-10 (collectively, "Doe Defendants") are other parties not yet identified who have infringed Cooper's copyrights. The true names, whether corporate, individual, or otherwise, of Doe Defendants are presently unknown to Cooper, which therefore sues said Doe Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

7. Upon information and belief, at all relevant times, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining

- 3 -

Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Cooper's rights and the damages to Cooper proximately caused thereby.

## CLAIMS RELATED TO COOPER'S SUBJECT PHOTOGRAPHS

8.  Cooper created and owns two (2) original architectural photographs entitled "ICL02" and "ICL03" ("Subject Photographs") and are depicted herein below:

| Subject Photographs |
|---|
| "ICL02" |
|  |

"ICL03"



9. Cooper is the sole and exclusive owner of all rights, including copyrights, in and to the Subject Photographs, and has registered each of the Subject Photographs with the United States Copyright Office and owns registration certificates confirming same.

10. Prior to the acts complained of herein, Cooper widely publicly displayed the Subject Photographs.

11. Upon information and belief, Defendants Easton own, operate, and/or control the commercial website *www.eastonarch.com* and its related/affiliated subdomains, mobile websites, applications, and social media pages (collectively, "Easton's Website").

12. Following the publication and display of the Subject Photographs and beginning no later than July 3, 2024, Defendants, and each of them, exploited the Subject Photographs for

commercial purpose on Easton's Website including without limitation by reproducing, publicly displaying, and distributing the Subject Photographs on said commercial website without Cooper's authorization or consent. True and correct screen captures of Defendants' infringing uses of the Subject Photographs are depicted herein below:



13. In July 2024, Cooper, through counsel, sent correspondence to Easton demanding that Easton cease-and-desist from its use of the unauthorized copies of the Subject Photographs and provide Cooper with information regarding those uses so the parties could explore an amicable, pre-litigation resolution. Easton failed to reasonably respond, necessitating this litigation.

### FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against All Defendants, and Each)**

14. Cooper incorporates by reference herein the allegations contained in the preceding paragraphs.

15. Upon information and belief, Defendants, and each of them, accessed the Subject Photographs, including without limitation by viewing the Subject Photographs on and/or through Cooper's websites, social media pages, profiles, exhibitions, galleries, and/or authorized licensees; third-party websites or Internet search engines; and/or because the unauthorized copies are essentially verbatim copies of, and thus strikingly similar to, the Subject Photographs.

16. Defendants, and each of them, copied, reproduced, displayed, and/or distributed the Subject Photographs for commercial purposes on Easton's website *www.eastonarch.com* without Cooper's permission.

17. Cooper is informed and believes and thereon alleges that the photographs used by Defendants, used the same elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the Subject Photographs and is identical or at least substantially similar to the Subject Photographs.

18. Cooper is informed and believes and thereon alleges that Defendants, and each of them, infringed Cooper's copyright by copying the Subject Photographs and publishing and

displaying the Subject Photographs to the public, including without limitation, on *www.eastonarch.com*, without Cooper's authorization or consent.

19. Due to Defendants', and each of their, acts of infringement, Cooper has suffered general and special damages in an amount to be established at trial.

20. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Cooper's rights in the Subject Photographs. As such, Cooper is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photographs in an amount to be established at trial.

21. Cooper is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Cooper will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, COOPER prays for judgment as follows:

### Against all Defendants, and Each:

<u>With Respect to Each Claim for Relief</u>:

(a) That Defendants, each of them, their respective agents, and/or anyone else working on behalf of or in concert with Defendants or their respective agents, be enjoined from further exploiting the Subject Photographs for commercial

purposes in any manner without Cooper's authorization absent some independent legal right;

(b) That Cooper be awarded all profits of Defendants, and each of them, plus all losses of Cooper, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C, and other applicable law;

(c) That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Cooper's intellectual property rights;

(d) That Cooper be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

(e) That Cooper be awarded its costs and fees under the statutes set forth above;

(f) That Cooper be awarded statutory damages and/or penalties under the statues set forth above;

(g) That Cooper be awarded pre-judgment interest as allowed by law;

(h) That Cooper be awarded the costs of this action; and

(i) That Cooper be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Cooper demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated:   August 26, 2025

Respectfully submitted,

DONIGER / BURROUGHS

By:   /s/ *David Michael Stuart Jenkins*
David M.S. Jenkins, Esq.
247 Water Street, First Floor
New York, NY 10038
(310) 590-1820
djenkins@donigerlawfirm.com
*Attorneys for Plaintiff*